**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3425
_____

PATRINA EDWARDS,
                    Appellant

v.

FOX CHASE CANCER CENTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:19-cv-00164)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2020
Before:  AMBRO, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: April 14, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Patrina Edwards appeals the District Court's dismissal of her

complaint in favor of defendant Fox Chase Cancer Center.  Edwards brought claims of

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Age Discrimination in Employment Act ("AEDA"), 29 U.S.C. § 621, et seq. For the reasons that follow, we will affirm the District Court's judgment.

Edwards, who is African-American and over 40 years old, began working for defendant as a Certified Nursing Assistant in August 2017. In April 2018, Edwards complained to supervisory staff that a nurse, whom Edwards believes is white, was not completing assignments during her shift. In June 2018, Edwards' manager told her that she did not fit with the chemistry of her unit, and that same month, a nurse in Edwards' unit drove her car in an aggressive manner behind Edwards' car while leaving the work parking lot. In August 2018, Edwards had difficulty logging onto her computer at work, leading her to believe that her log-in accessibility had been tampered with to sabotage her work performance. Edwards generally alleged that she was undermined at work and that communication in her unit was difficult. Edwards fainted at work twice in September 2018 after she felt dizzy. Edwards then took a leave of absence for several months, citing stress at work. Soon after she returned in December 2018, Edwards resigned from her position, generally claiming harassment and stress.

Edwards filed a complaint in the District Court in January 2019.[1] The District Court dismissed her complaint after screening it pursuant to 28 U.S.C.

_____

[1] Edwards filed a charge of discrimination with the Equal Employment Opportunity Commission after she resigned; she was subsequently issued a right-to-sue letter.

§ 1915(e)(2)(B)(ii), noting that her complaint contained no factual allegations of discrimination, and granted her leave to amend. After Edwards filed an amended complaint, defendant moved to dismiss. The District Court granted its motion, concluding that granting Edwards further leave to amend would be futile. Edwards timely appealed.

We agree with the District Court's dismissal of Edwards' claims.[2] Edwards makes no arguments on appeal regarding the merits of her claims.[3] See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal"). As the District Court thoroughly explained, Edwards could not state a prima facie case of discrimination under Title VII, the ADA, or the ADEA because she did not identify any adverse employment action that was taken against her under circumstances that could suggest discriminatory intent on the part of her employer based on her race, age, or disability. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); Tex. Dep't of Cmty. Affairs v.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Edwards' claims. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). In our review, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Id.

[3] To the extent that Edwards challenges the District Court's decisions denying her motions for appointment of counsel, the District Court did not abuse its discretion; her claims lack arguable merit. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

<u>Burdine</u>, 450 U.S. 248, 253 (1981); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Hohider v. United Parcel Serv., Inc.</u>, 574 F.3d 169, 186 (3d Cir. 2009); <u>Sarullo v. U.S. Postal Serv.</u>, 352 F.3d 789, 798 (3d Cir. 2003) (per curiam).  Finally, because the District Court's first dismissal order explained how Edwards could state a prima facie case of discrimination under the relevant standards, the District Court did not err in denying Edwards leave to file another amended complaint.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.